IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| Estate of Harold Stuller, deceased, et al., | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 11-cv-3080 ) |
| UNITED STATES OF AMERICA and its Agency, Secretary, Treasury Department, Internal Revenue Service, | ) ) ) ) ) ) |
| Defendant. | ) |

## OPINION

BYRON G. CUDMORE, U.S. MAGISTRATE JUDGE:

This matter comes before the Court on Plaintiffs, Estate of Harold Stuller, deceased (Estate); Wilma Stuller, individually and as Executor or the Estate; and L.S.A., Inc.'s (collectively Stuller), Motion to Determine the Sufficiency of an Objection to Plaintiffs' Request for Admission (d/e 21) (Motion). For the reasons set forth below, the Motion is respectfully DENIED.

## BACKGROUND

Stuller filed this action to secure a refund of income taxes, interest and penalties paid for the taxable years 2003, 2004, and 2005. Stuller

challenges the Internal Revenue Service's (IRS) denial of Stuller's income tax deductions for ordinary and necessary business expenses for Stuller's horse farm breeding business operation located in Eagleville, Tennessee (Farm).  <u>Complaint for Refund of Income Taxes, Penalty and Interest (d/e 1) (Complaint)</u> ¶¶ 15-17.  Stuller seeks $104,057.49 for taxable year 2003 and the sum of $132,947.53 for the taxable years 2004, and 2005, together with interest.  <u>Complaint</u> ¶ 22.

On December 15, 2011, the Court issued the Scheduling Order (d/e 17) in this case.  The Scheduling Order set March 30, 2012, as the deadline for Stuller to identify expert witnesses and provide Rule 26 expert reports, and May 31, 2012, as the deadline for the Defendant United States to identify experts and provide expert reports.  <u>Scheduling Order</u> ¶ 3.

The Scheduling Order set deadlines for completion of discovery as follows:

> 4.    The parties have until June 29, 2012, to complete fact discovery.  Any written discovery served subsequent to the date of this Order to be served by a date that allows the served party the full 30 days provided by the Federal rules of Civil Procedure in which to comply.  The parties have until July 31, 2012 to complete expert discovery.

<u>Scheduling Order</u> ¶ 4.  The Scheduling Order further stated, "All motions to compel must contain the certification required by Rule 37 that the parties met and conferred and attempted to resolve the discovery dispute.  If the

certification is not included, the motion to compel will be denied." Scheduling Order ¶ 5.

On December 28, 2011, Stuller made their initial disclosures under Federal Rule of Civil Procedure 26(a)(1) to the United States. Stuller disclosed F. Marc Headden as a witness on the subject of "Farm values in and around Franklin, Tennessee." Defendant United States' Response to Motion to Compel (d/e 22) (United States Response), Exhibit B, Plaintiffs' Initial disclosures Pursuant to FRCP 26(a)(1), at 2. Headden authored an appraisal report dated May 28, 2008 (Appraisal), which appraised the fair market value of the Farm. Headden prepared the Appraisal in connection with a refinancing of the Farm in 2008. Motion ¶¶ 1-3, 5. Stuller previously provided the IRS with a copy of the Appraisal during the examination of Stuller's returns. Motion ¶ 4.

On March 29, 2012, Stuller's counsel sent a letter to the United States' counsel disclosing Stuller's expert witness. Plaintiffs' Motion to Clarify Record and Respond to Defendant United States' Motion to Extend Time for Discovery and Modify the Scheduling Order (d/e 20), Exhibit A, Letter dated March 29, 2012 (March 29 Letter). The March 29 Letter stated, in part, "Pursuant to the Scheduling Order and Fed. R. Civ. P. 26(a)(2)(B), the Plaintiffs disclose Mack M. Motes as an expert witness . . . ." Stuller's counsel enclosed with the March 29 Letter an affidavit from Motes

in which he opined about the business operations of the Farm. The March 29 Letter did not disclose Headden as an expert witness.

On March 30, 2012, Wilma Stuller responded to the United States' First Set of Interrogatories. The United States' Interrogatory number 4 asked the following:

> 4. Identify the persons who have any knowledge or information relating to the purchase and maintenance of the property located at 1489 Cheatham Springs Road, Eagleville, TN 37060, and any other property used for your horse farm, and for each such person provide their name, address, telephone number, email address, and a description of the information or knowledge possessed by each such person.

Motion, Exhibit B, Plaintiffs' Answers to Defendant United States' First Set of Interrogatories to Wilma Stuller (Response to Interrogatories), at 2-3. Wilma Stuller listed Headden along with other individuals in her response. Wilma Stuller stated, in part:

> (d) Mark Headden, Appraiser, . . . – has knowledge of purchase of Tennessee farm and land values in Tennessee.

Response to Interrogatories, at 3.

On April 6, 2012, Stuller responded to the United States' Request to Produce. Motion, Exhibit C, Plaintiffs Stuller' Response to Defendant United States' First Request for Production (Response to Request to Produce). The United States' Request number 3 asked for the following:

> 3. All documents relating to Wilma Stuller, Harold Stuller and/or L.S.A., Inc.'s interest in the property located at 1489 Cheatham Springs Road, Eagleville, TN 37060, including, but not limited to, deeds to the property, local real estate tax bills, mortgages, appraisals, sale contracts, HUD-1 forms, and leases for the property since Wilma Stuller, Harold Stuller and/or L.S.A., Inc., obtained an interest in the property.

Response to Interrogatories, at 2.  Stuller responded:

> RESPONSE:  Enclosed is a copy of the appraisal.  The Plaintiffs require some additional time to obtain and forward local real estate bills, mortgages, etc. for the identified property.

Id.

On May 21, 2012, this Court allowed, in part, the parties' motions to extend discovery.  The Court extended fact discovery to July 31, 2012, the United States' deadline to disclose expert witnesses to September 3, 2012, and the close of discovery to September 28, 2012.  Text Order entered May 21, 2012.

On July 12, 2012, counsel for the parties discussed stipulating to the Appraisal, but the counsel for the United States, "did not formally respond to the request." Motion ¶ 8.  On July 17, 2012, Stuller's counsel sent the United States' counsel correspondence requesting a stipulation to the Appraisal.  Counsel for the United States did not respond.  Motion ¶ 9.

On July 24, 2012, Stuller served Plaintiffs' Request for Admission (Request to Admit) on the United States.  United States Response,

Exhibit A, Request to Admit.  The Request to Admit recited part of the discovery history regarding the Appraisal and concluded with the following:

> WHEREFORE, the Plaintiffs respectfully request as follows:
>
> (a)  That the Defendants admit the genuineness of the identified appraisal document and the opinion of F. Marc Headden as to the fair market value of the Plaintiffs' Tennessee horse farm as of May 28, 2008;
>
> (b)  To the extent that the Defendants object that this request for Admission in untimely, order the Defendants to respond on or before July 31, 2012;
>
> (c)  To the extent that the Defendants will not stipulate to this Appraisal Report, allow the witness to testify as an expert witness and introduce the appraisal at trial; and,
>
> (d)  Grant whatever other relief the court deems just and proper.

Request to Admit, at 2-3.  The United States' counsel received the Request to Admit on August 3, 2012.  United States Response ¶ 3.

On August 6, 2012, counsel for the United States sent a letter to counsel for Stuller.  Motion, Exhibit D, Letter dated August 6, 2012 (August 6 Letter).  The August 6 Letter objected to the Request to Admit on the three grounds:  (1) the Request to Admit was not timely because the United States only had seven days to respond before discovery closed on July 31, 2012; (2) the Appraisal was not relevant since it was from 2008; and

(3) Stuller had not disclosed Headden as an expert witness under Federal Rule of Civil Procedure 26(a)(2). The August 6 Letter stated that, "the United States will not respond to your request." <u>August 6 Letter</u>, at 1.

Stuller responded by filing this Motion on August 9, 2012. The Motion asked for the following relief:

> WHEREFORE, the Plaintiffs respectfully request as follows:
>
> (a) That the Court schedule a telephone conference and find the Defendants' Objection unjustified and order the Defendants to Answer the Request for Admission;
>
> (b) That the Defendants stipulate to the genuineness of the identified appraisal document and the opinion of F. Marc Headden as to the fair market value of the Plaintiffs' Tennessee horse farm as of May 28, 2008 but reserve a relevancy objection, if at all;
>
> (c) To the extent that the Defendants object that this Request for Admission is untimely, find that the Defendants should have responded on or before July 31, 2012 (a shorter response time as provided in Fed. R. Civ. P. 36(a)(3)) because the Defendants had a copy of this appraisal in its file and a duplicate copy was provided to the Defendants on April 6, 2012. Moreover, the Defendants knew of this request to stipulate as early as July 12, 2012, but stonewalled the request until recently responding on August 6, 2012;
>
> (d) To the extent that the Defendants will not stipulate to the factual nature and genuineness of this Appraisal Report, amend the Scheduling Order to allow the witness to testify as an expert witness and introduce the appraisal at trial; and,

>    (e)   Grant whatever other relief the Court deems just and proper.

Motion, at 2-3.

## ANALYSIS

This Court will not allow the Motion. No hearing is necessary because the parties have fully briefed the issues. The Motion seeks to overrule the United States' objections to the Request to Admit and to compel a response. Such motions are governed by Federal Rule of Civil Procedure 37. Stuller has failed to certify that they have in good faith conferred or attempted to confer with the United States to obtain a response to the Request to Admit without court action. Such a certification is required by the Scheduling Order and Rule 37. Scheduling Order ¶ 4; Fed. R. Civ. P. 37(a)(1). Stuller's counsel received the August 6 Letter objecting to the Request to Admit and filed this Motion three days later. Nothing indicates that Stuller's counsel made any effort to confer with opposing counsel to resolve the objections. The Motion is therefore improper.

In addition, the United States' timeliness objection is well-taken. The Court set the July 31, 2012, as the deadline for fact discovery. The Court directed that all written discovery be served to allow thirty days to respond. Scheduling Order ¶ 4. Stuller served the Request to Admit on July 24,

2012, one week before the deadline for the end of fact discovery. Stuller failed to comply with the Scheduling Order. The Request to Admit was not timely served as part of fact discovery.

The Request to Admit was not properly part of expert discovery because Stuller did not disclose Headden as an expert witness. Stuller disclosed Headden as a fact witness under Rule 26(a)(1), but Stuller did not disclose him as an expert witness under Rule 26(a)(2). Rule 26 requires disclosure even though Headden was not specially retained as an expert in this case. Fed. R. Civ. 26(a)(2)(C). Stuller needed to disclose Headden as an expert witness in order to serve the Request to Admit as part of expert discovery.

Stuller states repeatedly that the United States was aware of the Appraisal and so was not unfairly surprised by Stuller's plan to use the Appraisal as evidence. The Court disagrees. Headden's opinion of fair market value in the Appraisal is an expert opinion. If Stuller intended to use the Appraisal to prove value, then they should have disclosed Headden as an expert witness in accordance with Rule 26(a)(2). The United States could have then deposed Headden, and decided whether to secure another expert opinion on value. Because Stuller did not provide the required Rule 26(a)(2)(C) disclosure, the United States could have properly concluded that Headden's expert opinions would not be presented

in court as expert opinion evidence of value. The Court will not compel the United States to respond to the Request to Admit as part of expert discovery when Headden was not properly disclosed.

Stuller also asks the Court to order the United States to stipulate to the genuineness of the Appraisal and to Headden's opinions. Stuller cites no authority for the proposition that the Court can order a party to stipulate, and the Court is not aware of any such authority. Stuller also fails to explain why the United States must agree to Headden's opinions. Stuller states that the IRS had a copy of the Appraisal before the case began. The United States was not required to agree with the Appraisal just because the IRS had a copy. The United States could have disagreed with Headden's opinions and could have retained its own expert to respond to Headden's opinions if Headden had been properly disclosed. Under these circumstances, the Court will not compel a stipulation, even assuming it has authority to do so.

Lastly, Stuller asks the Court to amend the Scheduling Order to authorize Stuller to use Headden as an expert witness and to allow Stuller to introduce the Appraisal at trial. Scheduling orders are only to be amended for good cause. Fed. R. Civ. P. 16(b)(4). Stuller presents no good cause to amend the Scheduling Order. Stuller had the Appraisal before the case began. Stuller had ample time to decide whether to

disclose Headden as an expert witness before the March 30, 2012, deadline.

Stuller indicates that Headden has not agreed to testify. <u>Reply to Response by Defendant United States of America and its Agency, Secretary, Treasury Department, Internal Revenue Service to Plaintiffs' Request for Admission (d/e 23)</u> ¶ 3. Stuller, however, did not need Headden's cooperation. Stuller could have deposed Headden under subpoena in Tennessee and presented the deposition testimony at trial. Fed. R. Civ. P. 32(a)(4)(B) & (D). Stuller presents no good cause to explain why they did not disclose Headden as an expert witness in a timely fashion. In the absence of such good cause, the Court cannot amend the Scheduling Order to allow late disclosure.

The Court also will not amend the Scheduling Order to decide the admissibility of the Appraisal. Matters of admissibility will be decided at the appropriate time, either at trial or through pre-trial motions in limine. The undersigned will not decide admissibility at this juncture.

WHEREFORE Plaintiffs' Motion to Determine the Sufficiency of an Objection to Plaintiffs' Request for Admission (d/e 21) is respectfully DENIED.

ENTER:  August 28, 2012

              *s/ Byron G. Cudmore*
            BYRON G. CUDMORE
    UNITED STATES MAGISTRATE JUDGE