IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | | |
|---|---|---|
| ESTATE OF HAROLD STULLER, deceased, WILMA STULLER, named executor, WILMA STULLER and L.S.A., INC., | ) ) ) ) ) | |
| Plaintiffs, | ) ) | |
| v. | ) ) | NO. 11-3080 |
| UNITED STATES OF AMERICA and its Agency, Secretary, Treasury Department, Internal Revenue Service, | ) ) ) ) ) | |
| Defendants. | ) | |

OPINION

RICHARD MILLS, U.S. District Judge:

The Plaintiffs filed this action seeking a refund of income taxes paid for the years 2003, 2004 and 2005. The case was tried at bench in April of 2013.

The Court deferred until after the trial bench trial consideration of the Defendant's Motion in Limine to preclude Mack Motes from testifying as an expert on the issue of whether the Plaintiffs carried on their horse-

breeding operation with the intent of earning a profit. Pending before the Court is the Defendant's Motion to Exclude any such Expert Testimony. Pending also are several other evidentiary issues.

I.

In its previous Order, the Court determined that although there were "serious questions regarding whether Mack Motes's testimony is sufficiently reliable to be admissible as expert testimony," it would reserve ruling on the question of whether Mr. Motes could testify as an expert witness on the issue of whether the Plaintiffs' horse-breeding operation was conducted for profit.

The Defendant alleges that based on the standards of Federal Rule of Evidence 702, Mack Motes is not qualified to offer and opinion on the issue of whether the Harold and Wilma Stuller's horse-breeding operation was carried on with the intent to earn a profit. Accordingly, the Defendant contends Mr. Motes's opinion testimony at trial on whether the Stullers' horse-breeding operation was carried out with the intent of earning a profit should be disregarded because (1) he was not qualified to testify as an

expert at trial on that subject; and (2) he did not use a reliable methodology to establish such opinion.

In support of its assertion, the Defendant notes Mr. Motes testified at trial that he had never before testified as an expert in a legal proceeding. He stated that he completed his sophomore year of high school and has not taken any business classes. Mr. Motes has not published any papers or taught classes on horse breeding. Although he testified he has bred horses all of his life, Mr. Motes did not breed to make money and most of the income from his activities was derived from training horses. He stated it had been "years" since he sold a horse that he had bred. Mr. Motes sometimes earned a small profit because he performed all of the labor. He testified that someone else did the taxes for his horse training operation.

The Plaintiffs point out that Mr. Motes has over 50 years of experience as a breeder, seller, purchaser, and trainer of the types of horses that were owned by the Plaintiffs. He has received awards associated with horse training and breeding. Mr. Motes has worked for the Plaintiffs for over 20 years and was manager of their horse farm business at the time at

issue from 2003-2005.

The Defendant further alleges that Mack Motes is biased as to the outcome of this case. He is married to Wilma Stuller and he began training horses for the Stullers more than 40 years ago. Mr. Motes testified they were among his best customers.

Prior to trial, Mr. Motes reviewed only his affidavit and his deposition. He testified that he did not review any of the accounting records or tax returns for L.S.A., Inc. (LSA) or analyze LSA's financial information prior to testifying at trial. Significantly, Mr. Motes testified he did not analyze the facts of this case in accordance with the nine factors set forth in 26 C.F.R. § 1.183-2(b) to determine whether the LSA horse-breeding operation was carried on with the intent of earning a profit. Rather, Mr. Motes testified his opinion that Ms. Stuller runs her horse breeding operation for profit was based off his observations and the agreement the two had that they would develop and sell horses for profit.

Rule 702 provides:

> A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an

> opinion or otherwise if:
> (a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
> (b) the testimony is based on sufficient facts or data;
> (c) the testimony is the product of reliable principles and methods; and
> (d) the expert has reliably applied the principles and methods to the facts of the case.

Fed. R. Evid. 702. "In analyzing the reliability of proposed expert testimony, the role of the court is to determine whether the expert is qualified in the relevant field and to examine the methodology the expert has used in reaching his conclusions." Smith v. Ford Motor Co., 215 F.3d 713, 718 (7th Cir. 2000). The Court concludes Mr. Motes is not qualified to testify as an expert on whether LSA's horse-breeding activities were carried on with the intent to make a profit within the meaning of 26 C.F.R. § 1.183-2.

Given his more than 50 years experience training and breeding horses, Mr. Motes may well qualify as an expert on certain aspects of those activities. An expert may testify based on his experience rather than data. See Metavante Corp. v. Emigrant Savings Bank, 619 F.3d 748, 760 (7th

5

Cir. 2010). In so doing, however, the expert must explain the "methodologies and principles" on which he relies and cannot simply provide a "bottom line." Id. (citations omitted). "Mere conclusions, without a 'hint of an inferential process,' are useless to the court." Zamecnik v. Indian Prairie School Dist. No. 204, 636 F.3d 874, 881 (7th Cir. 2011). Moreover, expert testimony may not be based on subjective belief or speculation. See Metavante Corp., 619 F.3d at 761.

Based on his own testimony, however, Mr. Motes's expertise does not extend to the financial or business aspects of a horse-breeding operation. Perhaps most significantly, Mr. Motes did not consider the facts of this case in connection with the nine relevant factors listed in 26 C.F.R. § 1.183-2(b). The section provides in relevant part:

> In determining whether an activity is engaged in for profit, all facts and circumstances with respect to the activity are to be taken into account. No one factor is determinative in making this determination. In addition, it is not intended that only the factors described in this paragraph are to be taken into account in making the determination, or that a determination is to be made on the basis that a number of factors (whether or not listed in this paragraph) indicating a lack of profit objective exceeds the number of factors indicating a profit objective, or vice versa.

6

26 C.F.R. § 1.183-2(b). Although the above passage makes clear that the nine factors are not an exhaustive list, the listed factors should at the very least be a starting point in making the determination. The Court rejects the Plaintiffs' contention that an expert need not be familiar with these factors before offering an opinion on profit. An expert must be familiar with and consider the enumerated factors in order to determine if they apply or if other factors may be more probative. The listed factors are as follows:

> (1) the manner in which the taxpayers carry on the activity;
> (2) the expertise of the taxpayers or their advisors;
> (3) the time and effort expended by the taxpayers in carrying on the activity;
> (4) an expectation that the assets used in the activity may appreciate in value;
> (5) the success of the taxpayers in carrying on other similar or dissimilar activities;
> (6) the taxpayers' history of income or losses with respect to the activity;
> (7) the amount of the occasional profits, if any, that are earned;
> (8) the financial status of the taxpayers; and
> (9) the personal pleasure or recreation derived from the activity.

26 C.F.R. 1.183-2(b). An expert opining on whether an activity was engaged in for profit must consider these nine factors. Some may be significant while others are not. An expert might determine that a factor

which is not listed is more probative to the determination. At a minimum, however, an expert must give some consideration to the enumerated factors, in addition to any other relevant factors.

It is worth noting that the Plaintiffs' (and the Defendant's) post-trial brief focuses primarily on these nine factors, which is further reason why an expert who is offering an opinion on whether the Plaintiffs had an intent to earn a profit would have had to consider these factors.

Mr. Motes did not use a reliable methodology to establish his opinions as is required under Rule 702. Rather, he rendered a conclusion which was based on his observations and an alleged agreement with Ms. Stuller. Mr. Motes did not examine any business or financial records of LSA. A witness who offers a bare conclusion, without any analysis, does not meet the reliability requirement of Rule 702. See McMahon v. Bunn-O-Matic Corp., 150 F.3d 651, 657-58 (7th Cir. 1998).

Because Mr. Motes did not consider any of the nine factors set forth in 26 C.F.R. § 1.183-2(b) or any other factor determined to be relevant, the Court concludes he is not qualified as an expert to render an opinion as to

8

whether the LSA horse-breeding operation was carried on with the intent of earning a profit. Accordingly, the Court will not consider any opinion testimony of Mr. Motes regarding whether LSA's horse-breeding operation was carried on with the intent to earn a profit. The Defendant's Motion to Exclude such testimony will be ALLOWED.

II.

The Plaintiffs filed a post-trial brief asserting a number of evidentiary objections. They object to the admission of Defendant's Exhibits 4, 5, and 6 which are, respectively, the 1994, 1995 and 1996 Income Tax Returns for L.S.A., Inc. The Plaintiffs further object to the introduction of Defendants' Exhibits 7, 8, 9 and 10 which are, respectively, the 2006, 2007, 2008 and 2009 Income Tax Returns for L.S.A., Inc.

The Plaintiffs also object to Defendants' Exhibits 11, 12, 13, 14 and 15 which are, respectively, the 2006, 2007, 2008, 2009 and 2010 Income Tax Returns for Wilma Stuller.

The Plaintiffs object to each of the exhibits on the basis that none are relevant under Rules 401 and 402 of the Federal Rules of Evidence to the

tax years at issue, those years being 2003, 2004 and 2005. They further contend that exhibits which relate to the years 1994, 1995 and 1996 are not relevant because they fall outside the time frame set forth in 26 U.S.C. § 183(d), given that they exceed by at least seven years the first tax year at issue, that being 2003. According to the Plaintiffs, the Taxpayers' intent during the foregoing years cannot be relevant for the case at bar. Section 183(d) provides:

> If the gross income derived from an activity for 3 or more of the taxable years in the period of 5 consecutive taxable years which ends with the taxable year exceeds the deductions attributable to such activity (determined without regard to whether or not such activity is engaged in for profit), then, unless the Secretary establishes to the contrary such activity shall be presumed for purposes of this chapter for such taxable year to be an activity engaged in for profit. In the case of an activity which consists in major part of the breeding, training, showing, or racing of the horses, the preceding sentence shall be applied by substituting "2" for "3" and "7" for "5."

26 U.S.C. § 183(d).

The Defendant alleges that evidence from tax years other than those immediately at issue in a refund case may be relevant to whether a taxpayer's operation is carried on with the intent to earn a profit. The

applicable regulation provides, in part, that "all facts and circumstances with respect to the activity are to be taken into account." See 26 C.F.R. § 1.183-2(b). Moreover, factors which the Court must ultimately consider include the Stullers' history of income or losses and the amount of occasional profits, if any, with respect to their horse-breeding operation. See 26 C.F.R. § 1.183-2(b)(6). When a taxpayer's "lengthy period of substantial losses is not attributable to fortuitous circumstances or their being in the startup phase of an activity, their loss history tends to indicate a lack of profit motive." See Bronson v. Commissioner, 103 T.C.M. (CCH) 1112, at *10 (2012). Because "[a] history of losses over an extended period of time" may be probative of a lack of a profit objective, see Dirkse v. Commissioner, 80 T.C.M. (CCH) 717, at *7 (2000), courts have looked to tax years more than seven years removed from the tax years in question to determine whether an activity was engaged in with the intent to earn a profit. See, e.g., Giles v. Commissioner, 91 T.C.M. (CCH) 684, at *15-16 (2006) (considering 13 year period prior to the first tax year at issue); Tamms v. Commissioner, 82 T.C.M. (CCH) 363, at *5 (2001) (examining

11 years prior to years at issue in considering profit motive).

The Defendant contends that the information on the L.S.A. tax returns for 1994, 1995 and 1996 is relevant to the Stullers' profit motive or lack thereof in regard to their horse-breeding operation in general and is thus relevant to their profit motive for the tax years at issue. Based on the case law referenced above, the Court agrees with the Defendant's position on relevancy. Moreover, there is nothing in 26 U.S.C. 183(d) which supports the Plaintiffs' assertion that the Court may not go back that far in considering whether an enterprise was carried out with the intent to earn a profit.

Having determined that the tax return records from 1994, 1995 and 1996 are potentially relevant to the issue of profit motive, the Court will Overrule the Plaintiffs' objections to Defendant's Exhibits 4-6.

Similarly, the Plaintiffs assert that the years 2006, 2007, 2008, 2009 and 2010 are not relevant to because they are subsequent to the last year at issue, that being 2005. It is the Plaintiffs' intent in 2003, 2004 and 2005 that is at issue.

The Plaintiffs' assertion is incorrect. "Evidence from years after the years in issue is relevant to the extent it creates inferences regarding the taxpayer's requisite profit objective in earlier years." Dodds v. Commissioner, 105 T.C.M. (CCH) 1472, at *4 (2013). The Defendant asserts these LSA tax returns from 2006-2009 were introduced in order to demonstrate a continuing pattern of losses in the Plaintiffs' horse-breeding activities, which are relevant factors pursuant to 26 C.F.R. § 1.183-2(b)(6), (7). Moreover, Ms. Stuller's tax returns for years subsequent to 2005 show the overall success she had in carrying on other activities in addition to her overall financial status, which also are relevant factors pursuant to 26 C.F.R. § 1.183-2(b)(5), (8). The Court concludes the evidence of these tax returns from years subsequent to 2005 for those purposes is potentially relevant to the extent they are probative of the taxpayers' profit objective from 2003-2005. Accordingly, the Plaintiffs' Objections to Defendant's Exhibits 7-15 are DENIED.

The Plaintiffs also object to the Defendant's Exhibits 26 and 27, being the Interrogatory attachments for colts born and horses sold and

Depreciation Schedules, respectively. The Plaintiffs contend these exhibits are not the best evidence because of the trial testimony of Ms. Stuller and the production of other exhibits in this case. Moreover, these Answers to Interrogatories were prepared at an early stage of discovery and were supplemented during the trial.

Exhibits 26 and 27 are the Plaintiffs' own Interrogatory responses. The Plaintiffs cite no authority that they should be excluded pursuant to the best evidence rule. "The so-called 'best evidence rule,' codified . . . in Fed. R. Evid. 1001 through 1004, requires only that a party seeking to prove the contents of a document introduce the original document or explain why it cannot be produced." United States v. Rose, 590 F.2d 232, 237 (7th Cir. 1978). The best evidence rule does not mean that certain evidence must be excluded when other evidence on the same matter is offered. See id. The Court concludes there is no basis to exclude Exhibits 26 and 27. Accordingly, the Plaintiffs' Objections to the Exhibits are DENIED.

The Plaintiffs also object to Court's Exhibit 1, which was a

Government exhibit that was not disclosed to the Plaintiffs and intended to be used to impeach Mack Motes, the Plaintiffs' purported expert witness. Because the Defendant does not oppose the request to exclude this item of evidence, the Plaintiffs' Evidentiary Objection as to Exhibit 1 is ALLOWED. The Court will not consider this Exhibit.

III.

At the conclusion of its post-trial brief, the Defendant makes a number of objections to certain questions and testimony presented at trial. The objections are directed at the testimony of the following individuals: Wilma Stuller; Mario Perrino; Mack Motes; Todd Howe; Hartzel Bruno; Denise Sherwood and Wayne Hipsley.

The Defendant advances a number of reasons for the many objections to portions of testimony, including: (1) improper opinion; (2) speculation; (3) relevance; (4) hearsay; (5) argumentative/misstating evidence; (6) improper character testimony/evidence; (7) vagueness; (8) lack of foundation; (9) leading/improper characterization; (10) outside scope of direct; (11) bolstering/improper question; and (12) mis-characterizing an

15

exhibit.

The Court declines to specifically rule on each and every objection to the various questions and answers. Because the case was tried at bench, the parties were given significant leeway on certain matters–such as regarding the form of the question. Accordingly, the Court will not strike testimony on that basis.

There are many objections on the basis of improper opinion evidence. The Federal Rules of Evidence allow for opinion testimony by fact witnesses in limited circumstances, if the testimony is:

> (a) rationally based on the witness's perception;
> (b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
> (c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702.

Fed. R. Evid. 701. In considering the objections on the basis of improper opinion testimony, the Court has determined the admissibility under Rule 701 of any opinion testimony.

Rules 401 and 402 of the Federal Rules of Evidence provide for a broad standard of what constitutes relevant and admissible evidence. In

considering the record, the Court concluded that a few of the questions or testimony that were the subject of relevance objections were in fact irrelevant. Based on the broad language of the applicable regulation, the Court found that the majority of the testimony was relevant.

The Defendant has made a several objections based on hearsay. In determining whether the testimony or evidence was admissible, the Court examined whether the testimony was excluded from hearsay under Rule 801 or met one of the exceptions listed in Rule 803 of the Federal Rules of Evidence.

The Defendant has made several objections on the basis that Plaintiff presented testimony of the character and/or reputation of Ms. Stuller. The Plaintiff cites Rule 803(21), Federal Rules of Evidence, in alleging such evidence may be considered. However, that rule addresses only the hearsay aspect of reputation evidence, while other rules govern the general admissibility of such evidence. See Fed. R. Evid. 803 advisory committee's note.

Rule 608 pertains to reputation or opinion evidence and states:

> A witness's credibility may be attacked or supported by testimony about the witness's reputation for having a character for truthfulness or untruthfulness, or by testimony in the form of an opinion about that character. But evidence of truthful character is admissible only after the witness's character for truthfulness has been attacked.

Fed. R. Evid. 608(a). Because Ms. Stuller's character for truthfulness was not attacked by the Government or any Government witness, the Court is unable to consider any witness's opinion as to her reputation or character for truthfulness.

The Defendant has made a number of evidentiary objections with respect to public records and reports. To the extent that Defendant made hearsay and relevancy objections to the introduction of U.S. Census Bureau records, World Almanac and Book of Facts and Consumer Prices Index records and witness testimony with respect to general economic conditions during the years at issue, the Court will Deny those objections.

<u>Ergo</u>, the Motion of Defendant United States of America to Exclude any Expert Testimony from Mack Motes on the issue of whether the Plaintiffs' carried on their Horse-Breeding Operation with the Intent of Earning a Profit [d/e 30] is ALLOWED.

The Parties' other evidentiary Objections have been addressed as provided in this Order.

Enter: July 10, 2014

FOR THE COURT:

s/Richard Mills
Richard Mills
United States District Judge