IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

| | |
|---|---|
| ESTATE OF HAROLD STULLER, deceased, WILMA STULLER, named executor, WILMA STULLER and L.S.A., INC., <br><br>    Plaintiffs, <br><br>    v. <br><br>UNITED STATES OF AMERICA and its Agency, Secretary, Treasury Department, Internal Revenue Service, <br><br>    Defendants. | NO. 11-3080 |

## OPINION

RICHARD MILLS, U.S. District Judge:

This is an action for refund of federal income taxes, penalties and interest paid with respect to taxable years 2003, 2004 and 2005.

In an Opinion and Order entered on July 24, 2014, the Court entered Judgment in favor of Defendant United States of America upon finding that Plaintiff L.S.A., Inc., was not operated with a good faith intent to make a profit. Pending before the Court is the Plaintiffs' Motion to Alter or

Amend Judgment.

The Plaintiffs seek to alter or amend the Judgment based on additional tax return implications following the entry of the Court's Opinion and Order. They contend the Plaintiffs are entitled to refunds in the amounts of $15,432.00, $23,412 and $23,480.00 plus interest for the tax years 2003, 2004 and 2005, respectively. The Plaintiffs also assert they are entitled to a refund of $10,624.95 for a late filing penalty in 2003 based on reasonable cause.

I.

Under Rule 59(a)(2) of the Federal Rules of Civil Procedure, "the court may, on motion for a new trial, open the judgment if one has been entered, take additional testimony, amend findings of fact and conclusions of law or make new ones, and direct the entry of a new judgment."

Rule 60(a) of the Federal Rules of Civil Procedure provides in pertinent part, "The court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record."

In support of their motion based on tax implications following the Court's ruling, the Plaintiffs state that on the 1120S U.S. Income Tax Return for an S-Corporation, L.S.A., Inc. claimed a rent deduction for amounts paid to the individual Taxpayers, Harold E. Stuller and Wilma Stuller, in the sums of $80,200.00, $80,000.00 and $80,153.00, for the taxable years 2003, 2004 and 2005, respectively.

Similarly, the individual Taxpayers reported rents as received income on their Form 1040 income tax returns in the amounts of $80,000, $80,000 and $80,000 for the taxable years 2003, 2004 and 2005.

In support of their motion, the Plaintiffs state that the Notices of Deficiency, which denied the horse farm losses, issued by the IRS to the individual Taxpayers for the 2003, 2004 and 2005 tax years did not include any adjustments for this rental income and the payment of income taxes thereon. The Plaintiffs assert the additional income should be excluded from the computations of income tax for the individual Taxpayers' 2003, 2004 and 2005 income tax returns based on the Court's Opinion, which effectively negated the rental income upon which the individual Taxpayers

paid income taxes. Consequently, the Plaintiffs contend they are entitled to refunds of $15,432.00, $23,412.00 and $23,480.00 plus interest thereon for the taxable years 2003, 2004 and 2005, respectively, as shown in Exhibit A attached to their motion.

The Defendant asserts the Plaintiffs' argument is not addressed in the Final Pretrial Order, except for this statement: "The individual Taxpayers paid income taxes on the lease amounts of $80,000.00 per year paid by L.S.A., Inc." See Doc. No. 38, at 10. The Defendant contends the Plaintiffs' current argument that they should be entitled to a refund is not mentioned.

The Plaintiffs allege that at trial, Mario Perrino, CPA, testified at length about the payment of tax on the $80,000.00 reported as income and the lack of an adjustment by the IRS in the Notices of Deficiency. Additionally, in their proposed Findings of Fact and Conclusions of Law [Doc. No. 42] filed prior to trial, the Plaintiffs' referenced the $80,000.00 paid by L.S.A., Inc. to the individual Taxpayers for rent in the years 2003-2005, which the individual Taxpayers included in their income and paid

federal income taxes on in each of the three years. However, it appears that the argument was explicitly raised for the first time at trial.

The Plaintiffs acknowledge they could have done more to preserve this issue. The argument is raised only implicitly in the Final Pretrial Order and the Plaintiff's proposed findings. However, it was mentioned at trial and is addressed in the party's post-trial submissions. Therefore, the Court declines to hold that the issue was waived.

The IRS includes "Rents" as gross income. See 26 U.S.C. § 61(a)(5). IRC Section 162, trade or Business Expenses, provides in part "There shall be allowed as a deduction all the ordinary and necessary expenses paid or incurred during the taxable year in carrying on any trade or business, including– . . . (3) rentals or other payments required to be made as a condition to the continued use or possession, for purposes of the trade or business, of property to which the Taxpayer has not taken or is not taking title or in which he has no equity." 26 U.S.C. § 162(a).

In support of their motion, the Plaintiffs state that Wilma Stuller owns a farm and rented the farm to L.S.A., Inc., an S-Corporation that she

owned, to be used in the operation of the horse breeding farm business. In 2003, 2004 and 2005, L.S.A., Inc. deducted the rental income expense of $80,000 each year, pursuant to § 162(a)(3). For those tax years, Plaintiff Wilma Stuller included the same amounts as income on her Form 1040 individual tax return.

The Plaintiffs contend that because the full farm loss, including the rental expense was denied, Ms. Stuller would not have been required under § 61 to include this rent as income. Moreover, the IRS ignores income otherwise subject to inclusion under IRC § 61 when the related expenses were disallowed. See 26 C.F.R. § 1.162-12(b).

Accordingly, the Plaintiffs assert that based on the conclusions in the Court's Opinion, the amount of income reported on Ms. Stuller's individual income tax returns for 2003, 2004 and 2005 should have been reduced each year by $80,000 and, therefore, the Taxpayers are due the amounts of $15,432.00, $23,412.00 and $23,480.00 plus interest for the tax years noted above.

The Defendant contends that although the Court concluded L.S.A.,

Inc. was not operated as a business, that finding does not negate its separate corporate existence and the fact that income flowed from it to the individual Taxpayers. It is likely, therefore, that some taxable income (such as rent) did flow from the corporation to the Stullers.

The Defendant states that if the Court determines that the Judgment should be altered or amended as requested by the Plaintiffs, a further review of the computations is warranted and additional discovery might be needed because the Defendant claims it is unclear whether the Plaintiffs took certain matters into account.

The Defendant further alleges that the Plaintiffs cannot now re-characterize their affairs based on the Court's ruling. "[W]hile a taxpayer is free to organize his affairs as he chooses, nevertheless, once having done so, he must accept the tax consequences of his choice, whether contemplated or not . . . and may not enjoy the benefit of some other route he might have chosen to follow but did not." Commissioner v. National Alfalfa Dehydrating & Milling Co., 417 U.S. 134, 149 (1974) (internal citations omitted). In most instances, therefore, a taxpayer may not use

hindsight to re-characterize a transaction in order to obtain more favorable tax treatment. See United States v. Fletcher, 562 F.3d 839, 841 (7th Cir. 2009); see also Comdisco v. United States, 756 F.2d 569, 577 (7th Cir. 1985) ("[A] taxpayer generally may not disavow the form of a deal.").

Applying this principle, the Court concludes that because the individual Taxpayers in 2003, 2004 and 2005 treated the Cheatham Property in Tennessee as rental income for economic and tax reasons, they may not now treat the agreement as if L.S.A., Inc. was allowed to use the property without payment in order to decrease their income tax liability. Although the Court recognizes it is somewhat unfair to the Plaintiffs, the result is consistent with United States Supreme Court and Seventh Circuit precedent. If, after an unfavorable ruling, a taxpayer was permitted to re-characterize a transaction in order to obtain more favorable tax treatment, then there would be less incentive for accuracy in initially preparing the tax return.

For all of these reasons, the Court concludes that Plaintiffs are not entitled to a refund of the 2003, 2004 and 2005 tax amounts paid due to

the inclusion of the rental income expense of $80,000 each of those years.

II.

The Stullers' individual tax return for 2003 was due on October 15, 2004. It was not filed until February 20, 2005, four months after the deadline. The Plaintiffs contend they met their burden to show they had "reasonable cause and not willful neglect" for the late filing of the 2003 federal income tax return. In its Opinion entered on July 24, 2014, the Court found that Plaintiffs failed to meet their burden of proof on this issue.

In its previous Opinion, the Court recognized the tragic circumstances Ms. Stuller faced in 2003. Her husband died following a devastating fire on January 6, 2003. Ms. Stuller's home was rendered uninhabitable. She developed pneumonia and was hospitalized for several weeks. Ms. Stuller also experienced stress and depression. Ms. Stuller had legal custody and cared for Shawntee Stuller, her granddaughter, who had health and behavioral problems and required additional care after Mr. Stuller's death.

Yet, upon considering all of the information, the Court found that

Plaintiffs did not establish their failure to file by October 15, 2004 was due to reasonable cause. The Court noted that Ms. Stuller was able to file her 2002 tax return on time in October of 2003, which was the year of the tragic events.

In seeking reconsideration of the Court's decision on the late filing penalty, the Plaintiffs make many of the same arguments that have been considered and were rejected in the previous Opinion. The Court further notes that one of the witnesses testified it was "cold" when they were searching for the tax records. This suggests that the search may have occurred after the October 15, 2004 deadline, or at least might have commenced close to that date. In either case, the Plaintiffs have failed to meet their burden of showing the late filing was not due to "willful neglect." Accordingly, the Court declines to revisit the propriety of the late filing penalty.

Finding no basis to depart from its prior Opinion and Order, the Court will Deny the Plaintiffs' Motion.

Ergo, the Motion of the Plaintiff's to Alter or Amend the Judgment

[d/e 60] is DENIED.

ENTER: March 3, 2015

FOR THE COURT:

s/Richard Mills
Richard Mills
United States District Judge